UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARCUS JOHNSON,

      Plaintiff,

v.                                    Case No: 5:24-cv-272-JSS-PRL

C. JONES, D. LUKE, FNU
PERKINS, FNU BLACKMAN, FNU
WHITAKER, R.C. CHEATHAM,
JOHN/JANE DOE, JOHN/JANE
DOE, FNU JOSEPH, A. RICH,
JOHN/JANE DOE, and D.
ENGESSER,

      Defendants.

---

**ORDER**

Plaintiff Marcus Johnson, a federal prisoner proceeding pro se, initiated this action by filing a Civil Rights Complaint (Dkt. 1), asserting violations of his civil rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. Upon review, a court is required to dismiss a complaint (or any portion thereof) in the following circumstances:

    (b)    Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

(1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.   In addition, because Plaintiff is proceeding as a pauper (Dkt. 10), 28 U.S.C. § 1915(e) directs courts to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2).   A complaint is frivolous if it is without arguable merit either in law or in fact.   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   The Court must liberally construe a pro se Plaintiff's allegations.   *See Haines v. Kerner*, 404 U.S. 519 (1972).

This is Plaintiff's fourth action raising claims related to his alleged assaults at the Coleman Federal Correctional Complex on June 21 and 22, 2018.   His first action was dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).   *See Johnson v. Jones*, No. 5:21-cv-266-PGB-PRL, 2023 WL 4358555, at *2 (M.D. Fla. Apr. 13, 2023).   Plaintiff then filed a new action raising the same claims, which was dismissed without prejudice as frivolous because his claims were barred by the statute of limitations.   *See Johnson v. Jones*, No. 5:23-cv-336-PGB-PRL, 2023 WL 4925992, at *2 (M.D. Fla. June 7, 2023).   Plaintiff filed a third action bringing claims related to the June 2018 assaults, which added unrelated claims regarding his treatment at USP Lee.   His claims related to the June 2018 assaults were dismissed for failure to state a claim as barred by the statute of

limitations.   *See Johnson v. Jones*, No. 5:23-cv-530-JLB-PRL, Dkt. 6 (M.D. Fla. Dec. 6, 2023).

Plaintiff's claims arising from his alleged June 2018 assaults remain barred by the statute of limitations.   He signed his complaint on May 6, 2024—almost six years after the dates his claims accrued.   (Dkt. 1 at 11.)   A *Bivens* action is governed by the same statute of limitations as an action brought under 42 U.S.C. § 1983, *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996), and a federal court may sua sponte consider a statute of limitations defense in a section 1983 action if that defense is apparent from the face of the complaint.   *Clark v. Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).   *See also McKenzie v. U.S. Dep't of Just., Drug Enf't Agency*, 143 F. App'x 165 (11th Cir. 2005) (affirming the sua sponte dismissal of a *Bivens* action as time-barred).   Section 1983 does not contain a statute of limitations; therefore, claims are "governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."   *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 1990).   *See also* Fla. Stat. § 95.11(3).

Recognizing that his previous cases were dismissed due to the statute of limitations, Plaintiff states, "However I thought (sexual assault) don't have a statute of limitation." (Dkt. 1 at 9.)   Plaintiff is mistaken.   "An action for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort" is subject to a four-year statute of limitation.   Fla. Stat. § 95.11(3)(n).   The only potential exception is that a claim of sexual battery "involving a victim who was under the age of 16 at the time of the act may be

commenced at any time." Fla. Stat. § 95.11(10). Plaintiff, born in 1987, was 30 years old when the alleged offense occurred. (Dkt. 2 at 7.)

Therefore, Plaintiff's claims arising from alleged assaults at the Coleman Federal Correctional Complex in June 2018 are barred by the applicable four-year statute of limitations and are dismissed. *See Clark*, 915 F.2d at 640 n.2 ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous."). Because Plaintiff's claims are subject to dismissal, his Motion for Classification (Dkt. 9), in which he requests to add the Bureau of Prisons as a party to this action, is **DENIED as moot**.

Accordingly:

1.    The Complaint (Dkt. 1) is **DISMISSED without prejudice** under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) as frivolous.

2.    Plaintiff's Motion for Classification (Dkt. 9) is **DENIED as moot**.

3.    The Clerk is **DIRECTED** to enter judgment and close this file.

**ORDERED** in Orlando, Florida on July 24, 2024.


_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE


Copies to: Pro Se Plaintiff