UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARCUS JOHNSON,

    Plaintiff,

v.                                                                 Case No: 5:24-cv-272-JSS-PRL

C. JONES, D. LUKE, FNU PERKINS,
FNU BLACKMAN, FNU
WHITAKER, R.C. CHEATHAM,
JOHN/JANE DOE, JOHN/JANE
DOE, FNU JOSEPH, A. RICH,
JOHN/JANE DOE, AND D.
ENGESSER,

    Defendants.
_____/

## ORDER

    Plaintiff, a prisoner proceeding pro se, moves for reconsideration of the court's order dismissing his case without prejudice, (Dkt. 11), arguing that he is entitled to equitable tolling of the statute of limitations, (Dkt. 14; Dkt. 15). Upon consideration, Plaintiff's motions for reconsideration are denied.

## BACKGROUND

    This is Plaintiff's fourth action raising claims related to his alleged assaults at the Coleman Federal Correctional Complex on June 21 and 22, 2018. His first action was dismissed without prejudice for failure to state a claim. *See Johnson v. Jones*, No. 5:21-cv-266-PGB-PRL, 2023 WL 4358555, at *2 (M.D. Fla. Apr. 13, 2023). Plaintiff then filed a new action raising the same claims, which was dismissed without prejudice

as frivolous because his claims were barred by the statute of limitations. *See Johnson v. Jones*, No. 5:23-cv-336-PGB-PRL, 2023 WL 4925992, at *2 (M.D. Fla. June 7, 2023). Plaintiff then filed a third action bringing claims related to the June 2018 assaults, which were again dismissed as barred by the statute of limitations. *See Johnson v. Engesser*, No. 5:23-cv-530-JLB-PRL, Dkt. 6 (M.D. Fla. Dec. 6, 2023).

Plaintiff brought this action asserting violations of his civil rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, predicated upon the same 2018 assaults that formed the basis for his previous claims. (Complaint, Dkt. 1 at 3–5.) The court conducted an initial screening of his Complaint pursuant to 28 U.S.C. § 1915A(a), which obliges federal courts to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. (Dkt. 11 at 1.) Because Plaintiff was proceeding in forma pauperis, the court also reviewed his Complaint pursuant to 28 U.S.C. § 1915(e), which requires courts to dismiss actions that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. (*Id.* at 2 (citing 28 U.S.C. § 1915(e)(2)).) In his Complaint, Plaintiff stated his belief that sexual assault claims are not subject to any statute of limitations. (Dkt. 1 at 9.) The court rejected this argument and concluded that Plaintiff's claims were subject to a four-year statute of limitations. (Dkt. 11 at 3 (citing Fla. Stat. § 95.11(3)(n).) The court found that this period had run and therefore dismissed Plaintiff's claims as frivolous. (*Id.* at 4 (quoting *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the

statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.")).) On August 13, 2024, Plaintiff filed his first Motion for Reconsideration. (Dkt. 14.) On August 15, 2024, Plaintiff filed an Amended Motion for Reconsideration. (Dkt. 15.)

## APPLICABLE STANDARDS

Federal Rules of Civil Procedure 59(e) and 60(b) govern motions for reconsideration. *See* Fed. R. Civ. P. 59(e) & 60(b). Motions for reconsideration under Rule 59(e) are appropriate only where there is newly-discovered evidence or a need to correct a manifest error of law or fact. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.") (alteration in original). Motions for reconsideration under Rule 60(b) are appropriate where there is mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable. Fed. R. Civ. P. 60(b); *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1337 n.4 (11th Cir. 1999).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Yellowpages Photos, Inc. v. YP, LLC*, No. 8:17-cv-764-T-36JSS, 2020 WL 1674329, at *2 (M.D. Fla. Jan. 8, 2020) (internal quotation marks omitted) (quoting *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)). "Courts generally

recognize three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id.*

"A motion for reconsideration should not be used to present the [c]ourt with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment." *Id.* (citing *Arthur*, 500 F.3d at 1343–44). "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

## ANALYSIS

Plaintiff has now filed two Motions for Reconsideration. (Motions, Dkt. 14; Dkt. 15.)[1] After careful review of Plaintiff's Motions, the record, and the applicable law, the court finds that the Motions are meritless.

In his Motions, Plaintiff lists several grounds for reconsideration. He reports that he has an active lawsuit pending in the Western District of Virginia in which he claims that he was denied access to the courts resulting in his first action being dismissed. (Dkt. 15 at 1.) Plaintiff also claims that he has appealed the dismissals of his first two cases related to the alleged 2018 assaults. (*Id.* at 2.) Neither of these

---

[1] While Plaintiff styles his second Motion for Reconsideration an "Amended" Motion for Reconsideration, it is not clear to the court that this second Motion was intended to supplant the first Motion. (*Compare* Dkt. 14, *with* Dkt. 15.) Because courts give liberal construction to the motions of pro se litigants, the court will consider these Motions together. *See United States v. Barber*, No. 14-14304-DD, 2015 WL 1534073, at *2 (11th Cir. Feb. 17, 2015) (noting that pro se plaintiff's motion was "due liberal construction").

appears to be a suitable basis for granting a motion for reconsideration. *See Leonard v. Astrue*, 487 F. Supp. 2d 1333, 1341 (M.D. Fla. 2007) ("Courts have recognized three grounds upon which a party may obtain reconsideration of a court order or judgment: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.") (internal quotation marks and citation omitted).

Plaintiff's remaining claim is that equitable tolling should apply because (1) prison staff prevented him from pursuing claims through retaliation, intimidation, threats, and by giving him "bad instructions" as to what he could and could not say in his Complaint, (2) Plaintiff was placed in solitary confinement for twenty-two months and was therefore without access to a law library and legal documents during this period, (3) it took Plaintiff three years to exhaust his administrative remedies, and (4) the coronavirus pandemic "shut down the country and all prisons for almost [two] years." (Dkt. 15 at 1–2; *accord* Dkt. 14 at 1–3 ("I have diligently pursued justice in every way possible with my limited ability.").)

As an initial matter, the court finds that these arguments could have been raised earlier. Recognizing that two of his prior actions were dismissed due to the applicable statute of limitations, Plaintiff argued in his Complaint only that his claims were not subject to a statute of limitations. (Dkt. 1 at 9.) Although Plaintiff filed a supplement of "Additional Supporting Facts" outlining his attempts at exhaustion and the mistreatment he is alleged to have received from prison staff, he did not argue for equitable tolling. (*See* Dkt. 6.) The Motions are due to be denied for this reason

alone. *See Knepfle v. J-Tech Corp.*, No. 8:18-cv-543-T-60CPT, 2020 WL 1974225, at *1 (M.D. Fla. Apr. 24, 2020) (denying motion for reconsideration where the underlying "arguments could—and should—have been raised at an earlier stage" and where the movant had "provided no explanation as to why these issues were not raised" earlier).

Even if the court were to consider Plaintiff's arguments for equitable tolling, it is not clear that he would be entitled to tolling. "The general test for equitable tolling requires the party seeking tolling to prove (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (internal quotation marks omitted) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)). "Similarly, Florida law allows for equitable tolling of a statute of limitations when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum." *Moore v. Chamberlain*, 559 F. App'x 969, 970 (11th Cir. 2014) (quoting *Williams v. Albertson's, Inc.*, 879 So. 2d 657, 659 (Fla. Dist. Ct. App. 2004)).[2]

---

[2] While the Florida legislature has codified a list of conditions that can toll the running of the statute of limitations, none of these are implicated by Plaintiff's arguments. *See* Fla. Stat. § 95.051(1). *See also Major League Baseball v. Morsani*, 790 So. 2d 1071, 1075, 1076 n.11 (Fla. 2000) (noting that, while section 95.051 "delineates an exclusive list of conditions that can 'toll' the running of the statute of limitations," the doctrine of equitable tolling is nevertheless available to "delay the running of the limitations period based on the plaintiff's blameless ignorance and the lack of prejudice to the defendant").

Here, even assuming that Plaintiff diligently pursued his rights, most of the circumstances he has alleged are not "extraordinary" such that tolling should apply. Plaintiff's allegation that he "was place[d] in the hole for [twenty-two] months without access to a law library or [his] legal documents" fails to demonstrate sufficiently extraordinary circumstances to toll the statute of limitations. (Dkt. 15 at 1.) *See Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling."); *Laurain v. Rice*, No. 8:10-cv-2255-T-23TBM, 2011 WL 606547, at *1 (M.D. Fla. Feb. 11, 2011) ("A deficient prison law library is not an extraordinary circumstance justifying equitable tolling, and limited or restricted access to a prison law library justifies no equitable tolling.") (internal quotation marks omitted) (citing *Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313–14 (11th Cir. 2001), and *Miller*, 307 F. App'x at 367–68). The same is true of his claim that "the coronavirus pandemic . . . shut the country and all prisons down for almost [two] years [and] denied [him] access to . . . courts because . . . inmates [were] restricted to [their] cells without access to a law library or a person train[ed] in law." (Dkt. 14 at 1–2; *accord* Dkt. 15 at 1–2.) *See Powell v. United States*, No. 21-12432-J, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022) ("Under this [c]ourt's precedents, lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling.") (citing *Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004)). Likewise, that Plaintiff was "transfer[red] . . . to multiple prisons," (Dkt. 14 at 2), is of no moment in

this inquiry, *Powell*, 2022 WL 2811987, at *1 ("[The prisoner's] transfer between prisons, without more, was not an extraordinary circumstance."). Finally, it is not clear that his conclusory allegations that he was subject to "[r]etaliation, [i]ntimidation, [and] [t]hreats" satisfy his burden on this issue. *See Pressley v. Sec'y, Dep't of Corr.*, No. 3:23-cv-24654/LC/ZCB, 2024 WL 3572965, at *2 (N.D. Fla. June 20, 2024) ("The petitioner bears the burden of showing entitlement to equitable tolling. Meeting that burden requires supporting allegations that are 'specific and not conclusory.'") (quoting *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014)); *Williams v. Jones*, No. 1:16-cv-133WTH/EMT, 2017 LEXIS 57037, at *14–15 (N.D. Fla. Mar. 13, 2017) (finding that petitioner was not entitled to equitable tolling where, although he "allege[d] he was the victim of threats and physical abuse by law enforcement officials and other inmates during his pre-trial detention in Florida. . . . [he] failed to demonstrate that the incidents of threats and abuse that allegedly occurred during his pre-trial detention prevented him from filing a federal habeas petition during the year following the finality date of his conviction"), *report and recommendation adopted*, 1017 LEXIS 57027 (N.D. Fla. Apr. 13, 2017).

## CONCLUSION

Accordingly, Plaintiff's Motion for Reconsideration (Dkt. 14) and Amended Motion for Reconsideration (Dkt. 15) are **DENIED**. This action remains closed.

**ORDERED** in Orlando, Florida, on August 23, 2024.

                                                JULIE S. SNEED
                                    UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Parties