UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARCUS JOHNSON,

    Plaintiff,

v.   Case No: 5:24-cv-272-JSS-PRL

C. JONES, D. LUKE, FNU
PERKINS, FNU BLACKMAN, FNU
WHITAKER, R.C. CHEATHAM,
JOHN/JANE DOE, JOHN/JANE
DOE, FNU JOSEPH, A. RICH,
JOHN/JANE DOE, and D.
ENGESSER,

    Defendants.

## ORDER

Plaintiff, a prisoner proceeding pro se, has filed numerous post-judgment motions (Dkt. 17–23) after this action was dismissed as frivolous and his first motion for reconsideration was denied. Upon consideration, the motions are denied.

## BACKGROUND

This is Plaintiff's fourth action raising claims related to his alleged assaults at the Coleman Federal Correctional Complex on June 21 and 22, 2018. His first action was dismissed without prejudice for failure to state a claim. *See Johnson v. Jones*, No. 5:21-cv-266-PGB-PRL, 2023 WL 4358555, at *2 (M.D. Fla. Apr. 13, 2023). Plaintiff then filed a new action raising the same claims, which was dismissed without prejudice as frivolous because his claims were barred by the statute of limitations. *See Johnson*

*v. Jones*, No. 5:23-cv-336-PGB-PRL, 2023 WL 4925992, at *2 (M.D. Fla. June 7, 2023). Plaintiff then filed a third action bringing claims related to the June 2018 assaults, which were again dismissed as barred by the statute of limitations. *See Johnson v. Engesser*, No. 5:23-cv-530-JLB-PRL, Dkt. 6 (M.D. Fla. Dec. 6, 2023).

Plaintiff brought this action asserting violations of his civil rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, predicated upon the same 2018 assaults that formed the basis for his previous claims. (Complaint, Dkt. 1 at 3–5.) The court conducted an initial screening of his Complaint pursuant to 28 U.S.C. § 1915A(a), which obliges federal courts to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. (Dkt. 11 at 1.) Because Plaintiff was proceeding in forma pauperis, the court also reviewed his Complaint pursuant to 28 U.S.C. § 1915(e), which requires courts to dismiss actions that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. (*Id.* at 2 (citing 28 U.S.C. § 1915(e)(2)).) In his Complaint, Plaintiff stated his belief that sexual assault claims are not subject to any statute of limitations. (Dkt. 1 at 9.) The court rejected this argument and concluded that Plaintiff's claims were subject to a four-year statute of limitations. (Dkt. 11 at 3 (citing Fla. Stat. § 95.11(3)(n).) The court found that this period had run and therefore dismissed Plaintiff's claims as frivolous. (*Id.* at 4 (quoting *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the

statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.")).)

On August 23, 2024, the court denied Plaintiff's motions for reconsideration, (Dkts. 14 & 15), determining that the motions were meritless and that Plaintiff was not entitled to equitable tolling of the statute of limitations, (Dkt. 16). Plaintiff then filed a Motion for Extension of Time (Dkt. 17), a Cause of Action Motion that the court construes as a motion to amend the complaint (Dkt. 18), a Second Motion for Reconsideration (Dkt. 19), a Second Motion for Extension of Time (Dkt. 20), a Motion for Cause of Action that the court construes as Plaintiff's Third Motion for Reconsideration (Dkt. 21), a Motion for Consolidation (Dkt. 22), and a Motion to Stay (Dkt. 23). The court considers each motion in turn.

## ANALYSIS

### A. Motion for Extension of Time (Dkt. 17)

Plaintiff requests an extension of time, stating "(1) I found new evidence that might chang[e] your decision on dismissing this case. (2) I found out what I have been doing wrong and I am sending a motion for (discovery rule) and (cause of action) with this motion." (Dkt. 17.) Although Plaintiff has submitted the other filings referenced in the motion, it is unclear what deadline he seeks to extend. (Dkt. 18, 19.) Therefore, this motion is denied as moot because there are no deadlines to extend.

### B. Cause of Action Motion (Dkt. 18)

In this motion, which the court construes as a motion to amend the complaint, Plaintiff rehashes the allegations regarding his June 2018 assault and subsequent transfer to a different facility. (*See* Dkt. 18 at 1–5.) However, because this action has been dismissed due to the statute of limitations, amendment of his complaint would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."). The motion is therefore denied.

### C. Second Motion for Reconsideration (Dkt. 19)

Plaintiff contends that extraordinary circumstances warranting reconsideration exist because (1) he has a case in the Western District of Virginia regarding his denial of access to the courts, and (2) equitable tolling applies in his case because he "diligently pursued justice by exhaust[ing his] administrative remedies" and the coronavirus pandemic limited his access to legal resources and the courts. (Dkt. 19 at 1–2.)

"A motion for reconsideration should not be used to present the [c]ourt with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment." *Yellowpages Photos, Inc. v. YP, LLC*, No. 8:17-cv-764-T-36JSS, 2020 WL 1674329, at *2 (M.D. Fla. Jan. 8, 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343–44 (11th Cir. 2007)). "The decision to

alter or amend a judgment is committed to the sound discretion of the district court." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

Plaintiff has already raised these arguments in a prior motion for reconsideration, which the court denied. (Dkt. 16.) Because these contentions are duplicative of contentions already raised and dismissed, the motion for reconsideration is denied. *See Yellowpages Photos*, 2020 WL 1674329, at *2.

### D. Second Motion for Extension of Time (Dkt. 20)

Plaintiff seeks an extension of time "because [he has] new evidence that[']s crucial to this case and hopefully change your decision to dismiss[ ] this case." (Dkt. 20 at 1.) Plaintiff states that he will be sending "a motion for cause of action along with this extension of time." (*Id.*) Plaintiff submitted the "cause of action motion" referenced. However, because it is unclear what deadline Plaintiff seeks to extend and there are no deadlines to extend, the motion is denied as moot.

### E. Motion for Cause of Action (Dkt. 21)

The court construes this motion as Plaintiff's third motion for reconsideration. As with his prior motions for reconsideration, Plaintiff revisits the circumstances surrounding his June 2018 assault and subsequent actions by prison staff at USP Lee. Because Plaintiff merely raises the same arguments the court has already rejected, the motion is denied. *See Yellowpages Photos*, 2020 WL 1674329, at *2.

F.  **Motion for Consolidation (Dkt. 22)**

Plaintiff moves to consolidate this action with a case pending in the Western District of Virginia, No. 7:24-cv-340-RSB-PMS, in which he alleges he was denied access to the courts by officials at USP Lee in Virginia.

Federal Rule of Civil Procedure 42(a) permits the court to consolidate actions "[i]f actions before the court involve a common question of law or fact." Consolidation is proper when it serves the purposes of judicial economy and convenience. *See Hall v. Hall*, 584 U.S. 59, 70 (2018) ("[C]onsolidation is permitted as a matter of convenience and economy in administration . . . .") (quoting *Johnson v. Manhattan R. Co.*, 61 F.2d 934, 936 (2d Cir. 1932)). The purpose of consolidation is to avoid unnecessary cost or delay where the claims and issues contain common aspects of law or fact. *Ramsay v. Broward Cnty. Sherriff's Off.*, 303 F. App'x 761, 765 (11th Cir. 2008) (quoting Fed. R. Civ. P. 42(a)). "A district court's decision under Rule 42(a) is purely discretionary." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

In *Hendrix*, the Eleventh Circuit determined that Rule 42(a) requires a district court to determine "[w]hether specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses[,] and available judicial resources posed by multiple lawsuits," in addition to "the length of time required to conclude multiple suits . . . and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Id.* (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)). This action,

however, has been dismissed by this court and, as set forth in this Order, is not due to be reopened. (*See* Dkt. 16.) There is therefore no "unnecessary repetition and confusion" that would be "eliminate[d]" through consolidation. *Hendrix*, 776 F.2d at 1495. Plaintiff's Motion for Consolidation is accordingly denied. *See Shirley v. Starboard Yacht Grp., LLC*, No. 20-60792-CIV-DIMITROULEAS, 2020 WL 3443810, at *1 (S.D. Fla. June 12, 2020) (denying motion to consolidate where the moving party failed to "identif[y] any persuasive concerns of prejudice, possible confusion, or risks of inconsistent adjudications").

### G.  Motion to Stay (Dkt. 23)

Plaintiff requests that this court stay this proceeding until the Western District of Virginia decides his motion to consolidate this action with the action pending there. However, the Western District of Virginia denied Plaintiff's motion to consolidate cases on September 12, 2024. *See Johnson v. Jones*, No. 7:24-cv-340-RSB-PMS, Dkt. 18 (W.D. Va. Sept. 12, 2024) ("MINUTE ORDER denying . . . Motion to Consolidate Cases."). Accordingly, the request to stay this proceeding is denied as moot.

## CONCLUSION

Accordingly, Plaintiff's Motion for Extension of Time (Dkt. 17), Second Motion for Extension of Time (Dkt. 20), and Motion to Stay (Dkt. 23) are **DENIED as moot**. Plaintiff's Cause of Action Motion (Dkt. 18), Second Motion for

Reconsideration (Dkt. 19), Motion for Cause of Action (Dkt. 21) and Motion to Consolidate Cases (Dkt. 22) are **DENIED**.   This case remains closed.

    **ORDERED** in Orlando, Florida, on September 25, 2024.

                                             JULIE S. SNEED
                                  UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Parties